**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Laquonda Letis Whitlock | ) | CASE NO. 23-51902-sms |
| | ) | |
| | ) | |
| Debtor | ) | |
| Bridgecrest Acceptance Corporation | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| Laquonda Letis Whitlock, Debtor | ) | |
| S. Gregory Hays Trustee | ) | |
| | ) | |
| Respondents. | ) | |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that Bridgecrest Acceptance Corporation, has filed motion for relief from stay and related papers with the Court seeking an order on relief from the automatic stay on Debtor's 2015 Nissan Juke FWD; VIN JN8AF5MR2FT502223.

PLEASE TAKE FURTHER NOTICE that the Court will hold an initial telephonic hearing for announcements on the motion at the following number: **toll-free number: 833-568-8864; access code 161 179 4270, at 10:00 A.M. on April 19, 2023, in Courtroom 1201 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.**

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk,

U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting relief.

Dated: March 21, 2023

**/s/ Richard B. Maner**
Richard B. Maner, GA Bar No. 486588
Counsel for Movant
180 Interstate N Parkway, Suite 200
Atlanta, GA  30339
Phone: (404) 252-6385; Fax: (404) 252-6394
rmaner@rbmlegal.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| Laquonda Letis Whitlock. ) | CASE NO. 23-51902-sms |
| ) | |
| Debtor ) | |
| Bridgecrest Acceptance Corporation ) | |
| ) | |
| Movant, ) | |
| v. ) | CONTESTED MATTER |
| ) | |
| Laquonda Letis Whitlock., Debtor ) | |
| S. Gregory Hays, Trustee ) | |
| ) | |
| Respondents. ) | |
| ) | |

**MOTION FOR RELIEF FROM STAY**

COMES NOW, Bridgecrest Acceptance Corporation, ("Movant") and moves this Court for relief from the automatic stay pursuant to 11 U.S.C. §362. In support thereof, Movant shows the Court as follows:

1.

Movant, hold title and is secured by a Simple Interest Retail Installment Contract to Debtor's 2015 Nissan Juke FWD; VIN JN8AF5MR2FT502223, copies of the contract is attached hereto as Exhibit A.

2.

Debtor filed for relief under Chapter 7 of the U.S. Bankruptcy Code on 2/28/2023.

3.

Debtor surrendered collateral to Movant on or around 2/09/2023. Collateral remains in Movant's possession.

4.

The loan is approximately delinquent $3,727.18 and is contractually due for the 8/12/2022 payment.

5.

As of 3/17/2023, the payoff balance on the loan is $17,720.74, with a value of $8,525.00 NADA value is attached as Exhibit B.

6.

Movant requests upon entry of an Order granting relief from stay, that Rule 3002.1 of the Federal Rules of Bankruptcy Procedure no longer apply as the claim is not provided for under 11 U.S.C. Section 1322(b)(5).

7.

Movant requests that should relief be granted, Movant has the right to file an unsecured deficiency claim upon sale of the subject vehicle.

WHEREFORE, the Movant prays for an Order relieving it from the automatic stay of 11 U.S.C. § 362, authorizing Movant to proceed with the sale of the collateral, under its contract, in accordance with and pursuant to appropriate state statutes; directing that Rule 3002.1 no longer apply.  Movant further prays that the provisions of Bankruptcy Rule 4001(a)(3) be waived so that such Order be effective upon entry.

This 21st day of  March 2023.

Respectfully Submitted,

**/s/ Richard B. Maner**
Richard B. Maner, GA Bar No. 486588
Counsel for Movant
180 Interstate N Parkway, Suite 200
Atlanta, GA  30339
Phone: (404) 252-6385; Fax: (404) 252-6394
*rmaner@rbmlegal.com*

**CERTIFICATE OF SERVICE**

      I Richard B. Maner, hereby certify that on the 21st day of March 2023, I electronically filed the foregoing **Motion for Relief from Stay and Notice of Hearing** with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record. I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows:

Laquonda Letis Whitlock
6028 Oak Bend Ct
Riverdale, GA 30296

Karen King
King & King Law LLC
215 Pryor Street, S.W.
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

U.S. Trustee
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Dated: March 21, 2023

                                                          **/s/ Richard B. Maner**
                                                          Richard B. Maner GA Bar No. 486588
                                                          Counsel for Movant
                                                          RICHARD B. MANER, P.C.
                                                          180 Interstate N Parkway
                                                          Suite 200
                                                          Atlanta, GA  30339
                                                          Phone: (404) 252-6385; Fax: (404) 252-6394
                                                          *rmaner@rbmlegal.com*

# Georgia Certificate of Title

**DISCLAIMER: DO NOT ACCEPT THIS TITLE WITHOUT THE SECURITY THREAD LOCATED APPROXIMATELY TWO INCHES FROM LEFT EDGE.**

| Field | Value |
|---|---|
| VEHICLE IDENTIFICATION NUMBER | JN8AF5MR2FT502223 |
| MAKE | NISSAN |
| YEAR | 2015 |
| TYPE OF BODY | MULTI-PURPOSE V |
| MODEL | JUKE S SV SL |
| ODOMETER | 075203 |
| CYL | 4 |
| DATE ISSUED | 10/16/2022 |
| DATE VEHICLE PUR | 04/15/2021 |
| FUEL | GASOLINE |
| NEW OR USED | Used |
| STATE OF ISSUE | /GA |
| NBR OF LIENS | 1 |
| COLOR | SIL / SIL |

MAIL TO:

TSSC BRIDGECREST
11799 N COLLEGE AVE ST123
CARMEL IN 46032-0000

**OWNER**

KIERRA SHARONDA WHITLOCK
LAQUONDA LETIS WHITLOCK
6028 OAK BEND CT
RIVERDALE GA 30296-2365

* ODOMETER READING IS ACTUAL MILEAGE OF THE VEHICLE UNLESS OTHERWISE INDICATED BELOW.

**1ST LIEN OR SECURITY INTEREST**

BRIDGECREST ACCEPTANCE CORP
1720 W RIO SALADO PKWY
TEMPE AZ 85281-6590

**2ND LIEN OR SECURITY INTEREST**

**3RD LIEN OR SECURITY INTEREST**

The Georgia Department of Revenue issued this title pursuant to the Motor Vehicle Certificate of Title Act and this title is subject to its provisions. The Department certifies that on application duly made, the person named herein is registered as the lawful owner of the vehicle described subject to any liens or security interests set forth and such liens or security interests as may subsequently be filed with the Commissioner.

1056587769  *Robyn A. Crittenden*

**RELEASE OF LIEN OR SECURITY INTEREST**

DATE OF RELEASE  SECURITY INTEREST HOLDER  AUTHORIZED AGENT

1ST LIEN _____ BY _____
2ND LIEN _____ BY _____
3RD LIEN _____ BY _____

61499139

STATE REVENUE COMMISSIONER

# SIMPLE INTEREST RETAIL INSTALLMENT CONTRACT

REPRINT DATE: 4/15/2021   SALES DATE: 04/15/2021

| Buyer (and Co-Buyer) Name and Address | Dealer/Creditor Name and Address |
|---|---|
| Kierra Sharonda Whitlock<br>Laquonda Letis Whitlock<br>6028 Oak Bend Ct<br>Riverdale, GA 30296-2365 | DRIVETIME CARSALES COMPANY, LLC DBA: DRIVETIME UNION CITY<br>4295 JONESBORO RD<br>UNION CITY, GA 30291-2267 |

You, the Buyer (and Co-Buyer, if any) shown above, agree to buy the motor vehicle described below (the "Vehicle") on credit subject to the terms and conditions of this contract and security agreement (the "Contract"). By signing below, you represent that you have been quoted only one cash price for the Vehicle. "We", "us" and "our" refer to the Dealer shown above and any person to which we may transfer or assign the Contract.

| New/Used | Model Year and Make | Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2015 Nissan | JUKE | JN8AF5MR2FT502223 | [X] Personal  [ ] Agricultural  [ ] Business |
| Trade-In: | N/A Year | N/A Make | | N/A Model |

## FEDERAL TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid when you have made all scheduled payments | Total Sale Price The total cost of your purchase on credit, including your down payment of $1,200.00 |
|---|---|---|---|---|
| 28.221 % | $16,779.29 | $15,904.68 | $32,683.97 | $33,883.97 |

**Payment Schedule**

| Number of Payments | Amount of Each Payment | When Payments Are Due | |
|---|---|---|---|
| 151 | $215.03 | BiWeekly beginning | 05/07/2021 |
| 1 | $214.44 | Ending | 02/19/2027 |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.

**Late Payment:** You must pay a late charge on the part of each payment not made within 10 days after the date the payment is due. The charge is 5% of the delinquent amount or $50.00, whichever is less.

**Security Interest:** You are giving a security interest in the Vehicle being purchased. Please read this Contract for additional information on security interests, non-payment, default, and our right to require repayment of your debt in full before the scheduled maturity date and prepayment refunds and penalties.

**Promise to Pay and Payment Terms:** You promise to pay us the Amount Financed, plus Finance Charges accruing on the unpaid balance at the rate of **28.221%** per year (the "Contract Rate") from today's date until paid in full. Finance charges accrue on a daily simple interest basis. As outlined above in the Truth In Lending Disclosures you agree to pay this Contract according to the payment schedule by paying the amount stated in the Total of Payments box, or a greater amount. You also agree to pay the late charge shown above and any additional amounts according to the terms and conditions of this Contract.

GA RIC (08-2020)   Page 1 of 4

## INSURANCE

YOU MAY OBTAIN INSURANCE ON THE VEHICLE FROM A PERSON OF YOUR CHOICE THAT IS AUTHORIZED TO SELL SUCH INSURANCE AND IS ACCEPTABLE TO US.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.

## NOTICES REQUIRED BY FEDERAL LAW

Used motor vehicle Buyers Guide. If you are buying a used vehicle with this Contract, federal regulations may require a special Buyers Guide to be displayed on the window of the Vehicle. **THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF THE SALE.**

NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

## ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| 1 Cash Price (Including title ad valorem tax of $355.68 any accessories, their installation, and taxes) | $11,750.68 | (1) |
| 2 Down Payment | | |
| (2a) Cash Down Payment | $1,200.00 | (2a) |
| (2b) Trade-In Allowance | $0.00 | (2b) |
| (2c) Trade-In Payoff  Payoff To: _____N/A_____ | $0.00 | (2c) |
| (2d) Net Trade-In (Description Page 1) (2b minus 2c) | $0.00 | (2d) |
| Total Down Payment (2a plus 2d) | $1,200.00 | (2) |
| 3 Unpaid Balance of Cash Price   (1 minus 2) | $10,550.68 | (3) |
| 4 Amounts Paid to Others on Your Behalf | | |
| (a) To Public Officials  License, title & registration fees | $69.00 | |
| (b) Other Charges: | | |
| **To: DriveTime  For SilverRock Included 30 Day | $0.00 | |
| **To: DriveTime  For SilverRock DriveCare Powertrain | $3,555.00 | |
| **To: DriveTime  For SilverRock GAP Coverage | $1,035.00 | |
| **To: DriveTime  For GoldStarGPS (3 yrs) plus | $695.00 | |
| Total Amounts Paid to Others on Your Behalf (a plus b) | $5,354.00 | (4) |
| ** Dealer may retain or receive a portion of these amounts paid to others, except those fees paid to public officials. | | |
| 5 Balance of Cash Price and Other Charges (3 plus 4) | $15,904.68 | (5) |
| 6 Amount Financed | $15,904.68 | (6) |

**General Terms; Payments:** You have been given the opportunity to purchase the Vehicle and any other products and services identified in this Contract for the **Total Sale Price**. The Total Sale Price is the total price of the Vehicle and any other products or services plus the Finance Charges if you buy them over time. You agreed to purchase the items over time. The Total Sale Price in the TRUTH IN LENDING DISCLOSURES assumes that you will make all payments as scheduled. The actual amount you will pay may be more or less depending on your payment record. You may prepay this Contract at any time without penalty.

**Security Interest:** To secure your obligations, you give us a "first priority" security interest in the Vehicle, all accessions, attachments, accessories and equipment placed in or on the Vehicle and all proceeds of the Vehicle. You also agree to give us a security interest in all money or goods received for the Vehicle and all insurance premiums, service and other contracts we finance. The security interest secures payment of all amounts you owe in this Contract and performance of your other agreements in this Contract. You agree a "first priority" security interest is a security interest before any other party's lien, claim, interest or right in or to the Vehicle. You will not grant anyone else a security interest, lien or any other claim to the Vehicle without our express prior written consent. We reserve our right to setoff **insurance proceeds or excess amounts of estimated official fees and taxes that we may receive against the principal amount of** what you owe us under the Contract to the extent not prohibited by applicable law.

**Finance Charges:** This is a simple interest Contract. The finance charges you pay will depend on how you make your payments. Your actual finance charges may be more than the disclosed Finance Charges if you make your payments late or in less than the scheduled amount. We will apply payments to late charges, finance charges and to the unpaid balance of the Contract in any manner we choose unless we are required by law to apply payments in a particular order. Finance charges are earned by applying the Contract Rate to the unpaid balance of the Contract for the time such balance is owed, subject to the finance charge free period, if any, described on the first page of this Contract.

**Use of Vehicle:** You must take care of the Vehicle. You must obey all laws in using it. You may use the Vehicle for any lawful purposes, other than to provide ride sharing services or for any other commercial purpose. You must keep the Vehicle in your possession at the Buyer's address shown above, unless we approve another address in writing. You may not sell or transfer any rights in the Vehicle without our prior written consent. You must keep it free from the claims of others. You will not take it out of the United States without our prior written consent. You will immediately tell us of any change in your address or the address where the Vehicle is regularly kept. You agree not to add to the Vehicle any accessories, equipment or any other property in which any other person has an ownership or security interest.

**Warranties Seller Disclaims:** Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this Contract, **the Seller makes no warranties, express or implied, on the Vehicle, and there will be no implied warranties of merchantability or fitness for a particular purpose.** This provision does not affect any warranties covering the vehicle or parts thereof that the Vehicle manufacturer or parts supplier may provide. Only the manufacturer or supplier shall be liable for performance under their warranties.

**Vehicle Insurance:** You must insure yourself and us for the term of this Contract against loss of or damage to the Vehicle with a policy in the Buyer's name. You must maintain comprehensive fire, theft and collision coverage, insuring the Vehicle in an amount acceptable to us, name us as loss payee and provide whatever evidence of insurance we request. We must approve the type and amount of insurance that you obtain. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. If you do not maintain the required insurance, we may buy substantially similar coverage at your expense. We may add the cost of such insurance to your obligations due under this Contract and/or collect those costs separately from you. You agree to pay such costs either upon our demand or in installments, subject to a finance charge at the Contract Rate, if we elect to apply a finance charge. The insurance we buy may, at our option, protect only our interest, or both your interest and ours. **Insurance we buy may cost substantially more than insurance you buy.** We will cancel the insurance we buy if you give us satisfactory proof of insurance reasonably acceptable to us. **Whether or not the Vehicle is insured, you will pay us all you owe under this Contract even if the Vehicle is lost, damaged beyond repair, or destroyed.**

You are not required as a condition of financing the purchase of the Vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. Your choice of insurance providers will not affect our decision to sell you the Vehicle or extend credit to you.

**Returned Check Charge:** If you make any payment required by this Contract with a check that is returned or dishonored you agree to pay a charge equal to $30 or 5% of the amount of the check, whichever is greater, plus the amount of any fees charged to the holder of the insturment by a bank of financial instituation as a result of the instruement not being honored, after we prvide you with any notice that may be required by applicable law. If the fee is not paid when due, we may add this fee ot the unpaid balance of this Contract.

**Default:** You will be in default if any one of the following occurs (except as may be prohibited by law):
1. You fail to make any payment due under this Contract, including any down payment, in full when such payment is due.
2. We are unable to obtain a first priority security interest in the Vehicle.
3. You give another person a security interest in the Vehicle without our consent.
4. You fail to obtain or maintain insurance on the Vehicle as required by this Contract.
5. You gave us false or misleading information on your application relating to this Contract, if we cannot verify any information that you have provided us, if any information you provided to us is false, if we discover a material adverse change in such information during the review process, or if you do not cooperate in the verification and review process described below.
6. You fail to keep any other agreement or promise you made in this Contract.
7. You die, become incompetent, generally fail to pay your debts when they become due or if you file a bankruptcy petition or if one is filed against you.
8. The Vehicle is lost, **damaged beyond repair, or destroyed** or any other event occurs that causes us to believe that our prospects for payment or realization upon the Vehicle are impaired.

If you are in default, we may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge and all other amounts due under this Contract (the entire unpaid balance). If as a consequence of your default we require that you pay the entire unpaid balance, we will charge you interest at the Contract Rate on the entire unpaid balance from the date of our notice to you demanding payment of the entire unpaid balance. Additionally, we may take back (repossess) the Vehicle. We may also take items of personal property found in the Vehicle when we take back the Vehicle and hold them for you. If, after providing you with notice of our intent to dispose of such personal property as required by law and after allowing you time to claim the property as required by applicable law you do not claim your personal property, we will dispose of the personal property in a commercially reasonable manner.

We may cancel any insurance or other products or services you have purchased in this Contract and apply any refunds we receive to the amount you owe. You agree to pay any attorneys' fees not to exceed 15% of the principal and interest owing under this Contract if this Contract is referred to an attorney for collection who is not our salaried employee and other collection costs we incur at any time in collecting amounts you owe under this Contract, including during any bankruptcy proceedings or upon any appeal.

If we take back the Vehicle, we will sell it unless you exercise any right to cure or redeem the Vehicle that you may have under state law. The sale proceeds, less the actual amounts we pay for retaking, holding, preparing for disposition, processing and disposing of the Vehicle, and less our attorneys' fees and legal costs to the extent such costs, fees and expenses are permitted by applicable law, will be used to pay the amount you owe on this Contract. Any money left will be paid to you unless the law requires that we pay it to someone else. If the sale proceeds are not enough to pay off this Contract and costs, and we have complied with the applicable notice requirements, you will be obligated to pay us what is still owed (the deficiency) to the extent permitted by law.

We can, without notice, delay enforcing our rights or exercise only part of them without losing them, waive a right we have without waiving it for subsequent opportunities to exercise that right, and waive a right we have as to one Buyer without waiving it as to the other(s). You also expressly waive demand for payment, notice of non-payment, presentment, notice of dishonor, protest, notice of protest, notice of intent to accelerate and notice of acceleration.

**Assignment:** You may not assign your rights in the Vehicle or under this Contract without our permission. We may sell or assign our rights in this Contract without your permission. We may sell or assign this Contract for an amount that is more than or less than the Balance of Cash Price and Other Charges.

**General:** Any change in this Contract must be written and signed by you and us. The law of the state of the Dealer's place of business shown in this Contract applies to this Contract. If that law does not allow all the agreements in this Contract, the ones that are not allowed will be void. The rest of this Contract will still be good.

**After-Sale Review and Verification Process:** The Vehicle sold to you is subject to an after-sale review and verification of the information you have provided to us. You have agreed to cooperate with the after-sale review and verification process.

GA RIC (08-2020) Page 3 of 4

**Limitation on Damages:** Unless prohibited by law, you shall not be entitled to recover from us any consequential, incidental or punitive damages, damages to property or damages for loss of use, loss of time, loss of profits, or income or any other similar damages. We are not liable for any failure or delay in delivering the Vehicle to you if it is beyond our control, not our fault or we are not negligent.

**References/Credit Reports:** We may contact your employer or your references to verify the information you provided to us in your application or in connection with this Contract. We may also contact your employer or your references if we are unable to locate you. The servicer of this Contract may also do so. Federal or state law may limit these contacts. You also consent to us or a servicer, obtaining a credit report(s) in connection with the servicing of the Contract.

**Odometer (mileage):** Each of your and our representations regarding odometer readings are subject to information provided by others, including government agencies. We each understand that this information is not always accurate. As permitted by applicable law, neither of us is responsible for any inaccuracies in this information to the extent it is not the party's fault.

**Disclosure on Airbags:** We disclaim any knowledge of, and make no representation or warranty as to the condition or operability of the airbag(s) on the Vehicle unless otherwise disclosed to you on the AutoCheck Vehicle History Report. You acknowledge that we have not made any representations, oral or in writing, as to the condition or operability of the airbag(s), and you accept the Vehicle without representation or warranty from us. You further acknowledge that you had the opportunity to have the airbag(s) checked by someone of your choice prior to the completion of the sale.

**Liability Insurance Required:** You understand that state law requires you to purchase and maintain liability insurance. We do not provide liability insurance for you and it is not included in your Contract. You are not required as a condition of financing the purchase of the Vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. Your choice of insurance providers will not affect our decision to sell you the Vehicle or extend credit to you.

**Record Retention:** You agree that we may maintain documents and records related to the Vehicle and the Contract electronically, including, but not limited to, documents and record images, and that we may dispose of original documents. You agree that a copy of any such electronic records may be used and shall be deemed to be the same as an original in any arbitration, judicial, or non-judicial or regulatory proceeding relating to the Vehicle.

**Assignment of Dealer:** For value received, Dealer hereby transfers to BRIDGECREST ACCEPTANCE CORPORATION ("Assignee") all of its right, title, and interest in the Contract and the Vehicle. This transfer and assignment is made pursuant to and is subject to any Agreement between Dealer and Assignee by which Assignee has agreed to accept the transfer and assignment of contracts from Dealer.

**Arbitration Agreement:** The arbitration agreement entered into between you and Dealer is incorporated by reference into and is a part of this Contract.

**Communication Consent:** You agree that we may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons. By providing the number of your land line, cell phone or other wireless device and your email address, you expressly consent and agree that we may call you, using an automatic telephone dialing system or otherwise, leave you a voice, prerecorded, or artificial voice message, or send you a text, e-mail, or other electronic message for any purpose related to the servicing or collection of any account that you may establish with us or for other informational purposes related to your account (each a "Communication"). You agree that we may send you a Communication at any land line, cell phone, or email address publically available and associated with you and that you agree we may contact you at now or in the future. You also agree that we may include your personal information in a Communication. You understand email and text are not secure means of communication and that there is a possibility a third party may see our email or text to you. We will not charge you for a Communication, but your service provider may. You acknowledge and confirm that you have the authority to provide this consent because you are either the subscriber of the telephone number(s) and email address(es) or you are the non-subscriber customary user who has authority to provide this consent. If you change your telephone number(s) or email address, you agree to contact us immediately to advise us of any such change. In addition, you understand and agree we may always communicate with you in any manner permissible by law that does not require your prior consent.

## NOTICE TO THE BUYER

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN. YOU ALSO ACKNOWLEDGE RECEIPT OF A TRUE AND COMPLETELY FILLED IN COPY OF ALL PAGES OF THIS CONTRACT AT THE TIME YOU SIGN IT.**

X  *Kierra Whitlock* — Retail Installment Sales Contract
Buyer Signs

X  *Laquada Whitlock* — Retail Installment Sales Contract
Co-Buyer Signs

By signing below, the Dealer/Creditor accepts this Contract

X  *Clay B. Scheitzach*
Dealer

GA RIC (08-2020)                                                                 Page 4 of 4

# J.D. POWER

# 2015 Nissan Juke
Utlity 4D S 2WD I4 Turbo Values

# Pricing & Values

Prices shown for the used **2015 Nissan Juke Utility 4D S 2WD I4 Turbo** with 98,203 miles are what people paid to buy this vehicle or what people received when trading in this vehicle at a dealer. Edit options.

# Buy from Dealer

Prices shown are what people paid including dealer discounts. Taxes and fees (title, registration, license, document, and transportation fees) are not included.



Buy from Dealer

Average Price Paid

$11,525

Data from 89 transactions - Updated 03/11/23

80% of People Paid

$10,922 - $12,375

# Trade In to Dealer

Prices shown are what people received from a dealer for their trade-in vehicle by condition.
**See definitions.**

| | |
|---|---:|
| Base Price | $7,150 |
| Mileage and Options | $375 |
| **Rough Condition** 🛈 | **$7,525** |
| Base Price | $8,150 |
| Mileage and Options | $375 |
| **Average Condition** 🛈 | **$8,525** |
| Base Price | $8,975 |
| Mileage and Options | $375 |
| **Clean Condition** 🛈 | **$9,350** |

Looking for values for your business? **J.D. Power Valuation Services** can help.